## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

**CLAYTON LLOYD BROWN,**

**Plaintiff,**

**v.**

**C.O. TURRIGLIO***,*

**Defendant.**

**Civil Action No:**
**9:15-CV-175  (BKS/DJS)**


## PLAINTIFF'S REQUEST TO CHARGE


Respectfully submitted,
**COSTELLO, COONEY & FEARON, PLLC**
Erin K. Skuce
Bar Roll No.
Attorneys for Plaintiff
Office and Post Office Address
5701 West Genesee Street
Camillus, New York
Telephone:  (315) 422-1152
Facsimile:   (315) 422-1139

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CLAYTON LLOYD BROWN,

|  |  |
|---|---|
| *Plaintiff,* | Civil Action No.: 9:15-CV-175 (BKS/DJS) |

-*against*-

C.O. TURRIGLIO,

*Defendant.*

## PLAINTIFF'S REQUEST TO CHARGE

Plaintiff Clayton Lloyd Brown, by his attorneys, Costello, Cooney & Fearon, PLLC, respectfully request the Court to give to the jury the following instructions, and such other instructions as may be submitted hereafter in accordance with later proceedings in this action. Plaintiff reserves the right to supplement this charge as necessary at the end of the trial.

## A. GENERAL INSTRUCTIONS

### PROPOSED INSTRUCTION NO. 1 Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I am now going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

*Authority:* 3 L. Sand, *et al.,* Modem Federal Jury Instructions, ¶ 71.01, at 71-2.

1

**PROPOSED INSTRUCTION NO. 2 All Persons Equal Before the Law-Individuals**

The fact that the plaintiff is a prisoner and that defendant is a state official must not enter into or affect your verdict.  This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

*Authority:* Devitt and Blackmar, Federal Jury and Practice Instructions § 71.04 (modified).

**PROPOSED INSTRUCTION NO. 3 General Introduction Province of the Court and Jury**

Now that you have heard the evidence and the arguments, it is my duty to instruct you regarding the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Before I instruct you on the specific law relating to plaintiff claims in this lawsuit, I wish to advise you regarding the general rules you must follow in making your determination.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 103.01

(5th ed. 2000) (hereinafter *Federal Jury Practice); 5* Sands, Siffert Loughlin, Reiss & Batterman,

*Modern Federal Jury Instructions,* Instruction 71-2 (2005) (hereinafter *Modern Federal Jury*

*Instructions).*

#### PROPOSED INSTRUCTION NO. 4 Role of Judge and Jury

You as jurors are the exclusive judges of the facts in this case. I remind you that nothing

that I may have said during the course of the trial should be taken by you as any indication of my

opinion as to the facts. If you feel that I have given any indication as to my opinion of any fact in

this case you are to completely disregard it.

I also remind you that statements made by counsel during opening statements or during

final argument are not evidence. Authority: *Modern Federal Jury Instructions,* Instruction 71-3.

#### PROPOSED INSTRUCTION NO. 5 Role of Attorneys

I should also discuss the role of the attorneys.  We operate under an adversary system in

which we hope that the truth will emerge through the competing presentation of adverse parties.  It

is the role of the attorneys to press as hard as they can for their respective positions.  In fulfilling that

rule, they have not only the right, but the obligation to make objections to the introduction of evidence

they feel is improper.  While the interruption caused by these objections may be irritating, the

attorneys are not to be faulted because they have a duty to make objections if they feel that are

appropriate.

The application of the rules of evidence is not always clear, and lawyers often disagree.  It

has been my job as the judge to resolve these disputes.  It is important for you to realize, however,

that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and

are not to be considered as points scored for one side or the other.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest among attorneys but an attempt to rationally resolve a serious controversy among the parties, and solely on the basis of the evidence.  Accordingly, statements by the attorneys and characterizations by them of the evidence are not controlling.  Insofar as you find them helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

## PROPOSED INSTRUCTION NO. 6 Juror Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

*Authority:* 3 L. Sand, *et al.,* Modern Federal Jury Instructions, ¶ 71.01, at 71-11.

## PROPOSED INSTRUCTION NO. 7 Stipulated Facts

Before and during the trial of this case, the parties entered into certain stipulations or agreements in which they agreed that certain facts could be taken as true without further proof.  By this procedure it is often possible to save time.  Since the parties have so agreed, you are to take such facts as true for purposes of this case.

## PROPOSED INSTRUCTION NO. 8 Burden of Proof

Burden of Proof - General This is a civil case and as such the plaintiff has the burden of proving the material allegations of her claims by a preponderance of the evidence.

*Authority:* 3 L. Sand, *et al.,* Modem Federal Jury Instructions, ¶ 73.01, at 73-2.

## PROPOSED INSTRUCTION NO. 9 Burden of Proof - Preponderance of the Evidence

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the

4

evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties--that it is equally probable that one side is right as it is that the other side is right--then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence--he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof--that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

*Authority:* 3 L. Sand, *et al.,* Modem Federal Jury Instructions, ¶ 73.01, at 73-4.

Instructions, ¶ 74.01, at 74-3.

## PROPOSED INSTRUCTION NO. 10 Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses--something he has seen, felt, touched, or heard.

Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse: Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

*Authority:* 3 L. Sand, *et al.,* Modem Federal Jury Instructions, ¶ 74.01, at 74-6.

**PROPOSED INSTRUCTION NO. 11 Consideration of Evidence and Inference Defined**

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted

or stipulated; and all applicable presumptions stated in these instructions. Your duty is to determine the facts based on the evidence I have admitted.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Arguments and statements of lawyers, questions to witnesses, and evidence excluded by my rulings, are not evidence. The function of lawyers is to call to your attention to facts that are most helpful to their side of the case. What the lawyers say, however, is not binding on you, and in the final analysis, your own recollection and interpretation of the evidence controls your decision.

In addition, during the trial, I sustained objections to questions and either prevented a witness from answering or ordered an answer stricken from the record. You may not draw inferences from unanswered questions and you may not consider any responses stricken from the record. You must not infer from anything I have said during this trial that I hold any views for or against any party in this lawsuit; in any event, any opinion I might have is irrelevant to your decision.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in light of your experience.

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw-- but not required to draw--from the facts which have been established by either direct or circumstantial evidence. In drawing an inference, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Authority: *Modem Federal Jury Instructions,* Instruction 75-1, 75-2; *Federal Jury Practice,* § 103.30; *Wilkins v. American Export Isbrandtsen Lines, Inc.,* 446 F.2d 480 (2d Cir. 1971).

## PROPOSED INSTRUCTION NO. 12 Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the

8

circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor - that is, witness's carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear and know the things about which he testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

The fact that a witness comes before you as a correctional official should not affect the way you judge his or her credibility.  Such testimony does not deserve either greater or lesser believability simply because of the official status of a witness.  Similarly, the fact that a witness is or was a prisoner does not automatically suggest that less weight be given to that testimony.

Whether or not you believe a witness must be determined from his or her testimony, not his or her occupation or status outside the courtroom.  You should form your own conclusions as to whether or not a witness is believable.

Authority: *Modem Federal Jury Instructions,* Instruction 76-1; *Dyer v. MacDougal,* 201 F.2d 265 (2d Cir. 1952); *Arstein v. Porter,* 154 F.2d 464 (2d Cir. 1946).

**PROPOSED INSTRUCTION NO. 13 Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

*Authority:* 1 L. Sand, *et al.,* Modem Federal Jury Instructions, ¶ 76.01, at 76-10.

**PROPOSED INSTRUCTION NO. 14 Interest in Outcome of Witnesses Employed by New York State Department of Corrections**

Several of the witnesses are currently employed as corrections officers or other employees of the New York State Department of Corrections and hence may be interested witnesses in the outcome of this case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. You should bear that factor in mind when evaluating the credibility of witnesses who are currently employed by the municipal defendant.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the testimony of the witnesses who are employed by the New York State Department of Corrections has been affected by an interest in the outcome of the case.

*Authority:* 4 L. Sand, *et al.,* Modem Federal Jury Instructions, ¶ 76.01, at 76-3 (modified).

## PROPOSED INSTRUCTION NO. 15 Single Witness

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The testimony of a single witness which produces in your minds a belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Authority: *Federal Jury Practice* § 103.01.

## PROPOSED INSTRUCTION NO. 16 Corrections Officer

The testimony of a corrections officer is entitled to no special or exclusive sanctity. An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does. In the case of correction officers, you should not believe them merely because they are so employed. You should recall their demeanor on the stand, their manner

of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including corrections officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater rights.

Corrections officers are presumed to know about the basic, unquestioned constitutional rights and other basic rights of inmates. Thus, plaintiff need not prove that the Defendant officer acted with the specific knowledge of plaintiff's particular constitutional or common law rights that they violated.

Adapted from Police Officer Charge: *Federal Jury Practice,* § 165.23; Avery, Rudovsky & Blum, *Police Misconduct: Law and Litigation,* Jury Instruction § 12:8 (3d ed. 1996) (hereinafter Police Misconduct); *Golliher v. United States,* 362 F.2d 594, 604 (8th Cir. 1966).

## PROPOSED INSTRUCTION NO. 17 Impeachment

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony. A witness may also be discredited or impeached by evidence that the character of the witness for truthfulness is bad. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

Authority: *Federal Jury Practice* § 105.04-06.

**PROPOSED JURY INSTRUCTION NO. 18 Party's Failure To Produce Evidence**

You have heard testimony about evidence which has not been produced. Counsel for plaintiff has argued that this evidence was in defendants' control and would have proven facts material to the matter in controversy.

If you find that the defendants could have produced the evidence, and that the evidence was within their control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the defendants.

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you. You may also consider whether the defendants had a reason for not producing this evidence, which was explained to your satisfaction. Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

Authority: *Modern Federal Jury Instructions,* Instruction 75-7: *Reilly v. NatWest* Market Group Inc., 181 F.3d 253, 267-268 (2d Cir. 1999).

**PROPOSED INSTRUCTION NO. 19 All available witnesses or evidence need not be produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Authority: *Federal Jury Practice* § 105.11

## B. STATEMENT OF CLAIMS

### PROPOSED JURY INSTRUCTION NO. 20 Summary of Claims

With these general instructions in mind, we now turn to the law applicable to plaintiff's claims in this lawsuit.

As you know from the testimony you have heard, on May 10, 2015, plaintiff Clayton Lloyd Brown suffered injuries as a result of the force used by certain corrections officers employed by the New York State Department of Corrections.

In his complaint, Mr. Brown alleges that the Officers Turriglio used excessive force against him. Based on this allegation, plaintiff brings legal claims under state and federal law against the individual defendant officer. I will discuss these more fully later. However, plaintiff's legal claims may be summarized as follows:

(1) First, Clayton Lloyd Brown alleges that Defendant Turriglio violated his federal constitutional rights by using excessive and unreasonable force against him.

Based on this legal claim, Mr. Brown seeks what is called "compensatory damages" to compensate him for physical injury, pain and suffering, and emotional distress. Additionally, plaintiff seeks "punitive damages" to punish the individual defendant for shocking conduct.

That is a short description of each of plaintiff's legal claims. I will now instruct you on the law that you must apply to each of these claims.

### PROPOSED JURY INSTRUCTION NO. 21 Constitutional Rights Protected by 42 U.S.C. § 1983

Plaintiff's first claim against defendant Turriglio is brought under a federal statute called 42 U.S.C. § 1983, or Section 1983 for short. Section 1983 is a federal civil rights law that provides a

remedy for individuals who have been deprived of their constitutional rights under color of state law.

Under the Eighth Amendment to the U.S. Constitution, every person convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment.

Authority: *Federal Jury Practice* § 166.10.

## PROPOSED JURY INSTRUCTION NO. 22 Excessive force

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution, which includes a protection against excessive force.  Plaintiff claims that defendant prison officials, by using excessive and unnecessary force against plaintiff, violated plaintiff's Eighth Amendment constitutional rights. It is admitted that on May 10, 2015 Defendant Turriglio swung at Mr. Brown with a closed right fist and struck him in the face causing Mr. Brown to fall to the floor and thereafter forced Mr. Brown to the ground face down and that as a result Mr. Brown's glasses were broken and he sustained injuries including abrasions and lacerations to his upper lip and left side of his nose as well as a swollen nose and left jaw.  It is also contended by the Plaintiff that Defendant Turriglio repeatedly punched and kicked him.

In order to prove a violation under the Eighth Amendment, plaintiff must prove all of the following elements by a preponderance of the evidence:

First: That defendant prison official unnecessarily and wantonly inflicted force on plaintiff. Whether a use of force against a prison inmate is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.  A malicious or sadistic use of force to cause harm always violates the contemporary standards of decency.

Second: That plaintiff suffered some harm as a result of the use of force by defendant prison official; and

Third: That defendants prison officials were acting under color of state law. It is undisputed here that defendants were acting under color of state law, and I instruct you to so find.

If plaintiff fails to prove any of these elements, you must find for defendant prison officials. The first element is to be evaluated by a subjective analysis of the defendant prison official and his state of mind at the time. In deciding whether this element has been proved, if you find that the use of force was totally without justification as it relates to prison management, you may infer that the use of force was unnecessary and wanton.

Some of the things you may want to consider in determining whether the prison officials maliciously or wantonly inflicted pain on the plaintiff include:

1. The extent of the injury suffered.

2. The need for the application of force.

3. The relationship between the need and the amount of force used.

4. The threat reasonably perceived by the responsible officials, and

5. Any efforts made to temper the severity of a forceful response.

Authority: *Federal Jury Practice,* § 166.23; *Modern Federal Jury Instructions,* Instruction 87-65; *Hope v. Pelzer,* 536 U.S. 730, 737 (U.S. 2002) *Monroe v. Pape,* 365 U.S. 167 (1968) (rev'd on other grounds); *Bellows v. Dainack,* 555 F.2d 1105 (2d Cir. 1977); *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003).

**PROPOSED INSTRUCTION NO. 23 Intent**

It is not necessary to find that defendant had any specific intent to deprive Clayton Lloyd Brown of his constitutional rights in order to find in favor of the plaintiff. Plaintiff is entitled to

relief if defendant intended the actions that resulted in the violations of their rights. An act is intentional if the actor knows he or she is doing it, that is, if it is done voluntarily and deliberately.

*Authority: Modern Federal Jury Instructions,* Instruction 87-75; *Police Misconduct,* Jury Instruction § 12:6; *Monroe,* 365 U.S. at 187; *Coalition for Education in District One v. Board of Education,* 370 F. Supp. 42, 55 (S.D.N.Y.), aff'd per curiam, 495 F.2d 1090 (2d Cir. 1974).

### PROPOSED INSTRUCTION NO. 24 Qualified Immunity

**[The issue of qualified immunity should be determined as a matter of law by the Court. Plaintiff contends that the evidence does not warrant the submission of the affirmative defense of qualified immunity to the jury and therefore that the jury should not be charged on qualified immunity. Only in the event that the Court finds otherwise, and that issues of fact must be resolved prior to the Court's resolution of Qualified Immunity, then Plaintiff proposes the following language for a charge.]**

Even if you find that Defendant Turriglio violated plaintiff's constitutional rights, he still may not be liable to plaintiff. This is so because defendant may be entitled to what is called "qualified immunity." If you find that defendant is entitled to qualified immunity, you may not find him liable.

A defendant will be entitled to qualified immunity if, at the time of the incident, he neither knew nor should have known that his actions were contrary to federal law. A defendant is entitled to qualified immunity if at the time, he neither knew or should have known that his actions were contrary to federal law. The simple fact that the defendant acted in good faith is not enough to bring him within the protection of this qualified immunity nor is the fact that the defendant was unaware of the federal law.

In deciding what a competent official would think about the legality of the conduct of any defendant, you may consider the nature of the defendant's duties, the character of his position, the information that was known or not known to the defendant, and the events that confronted him.

17

You must ask yourself what a reasonable official in the defendant's situation would have believed about the legality of the defendant's conduct. You should not, however, consider the defendant's subjective intent, even if you believe that the intent was to harm the plaintiff. A defendant's subjective intent is irrelevant to your inquiry. You may also use your common sense. Thus, given all these considerations, if you find that a reasonable official in Defendant Turriglio's situation would believe his conduct to have been lawful, then this element will be satisfied.

The defendant has the burden of proving that he neither knew or should have known that his actions violated federal law.  If the Defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that his actions violated federal law, then you must return a verdict for the defendant, even though you may have previously found that the defendant in fact violated the plaintiff's rights under color of state law.

### D. DAMAGES

### PROPOSED INSTRUCTION NO. 25 Proximate Cause

With respect to each of the claims made by the plaintiff, in order to recover money damages, Clayton Lloyd Brown must also show by a preponderance of the evidence that defendant proximately caused the injuries he sustained. An act is a proximate cause if it was a substantial factor in bringing about or actually causing injury.

In order to recover damages for any injury, plaintiff must show that such injury would not have occurred without defendants' conduct.

If you find that a defendants' conduct was a substantial factor in bringing about the injuries claimed by plaintiff, then you must find that the defendants were the proximate cause of plaintiff's injuries.

On the other hand, if you find that a defendant has proven, by a preponderance of the evidence, that plaintiff complains about an injury which would have occurred even in the absence of a defendant's conduct, you must find that that defendant did not proximately cause the injury. Authority: *Federal Jury Practice,* § 128.80; *New York Pattern Jury Instructions,* § 2:70; *Taylor v. Brentwood Union Free Sch. Dist.,* 143 F.3d 679, 686 (2d Cir. 1998).

### PROPOSED INSTRUCTION NO. 26 Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from defendants' violation of plaintiff's rights. If you find that any of the defendants are liable on any of plaintiff's claims, as I have explained them, then you must award plaintiff sufficient damages to compensate him for any injury caused by the illegal conduct. These are known as "compensatory damages."

Compensatory damages seek to make the plaintiff whole - that is, to compensate him for the damages that he has suffered. If plaintiff prevails on any of his claims, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, emotional harm, fear and humiliation that he has suffered because of the culpable defendants' conduct.

Compensatory damages also includes expenses - like medical bills - that plaintiff may have incurred.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. Authority: *Modern Federal Jury Instructions,* Instruction 77-3; *New York Pattern Jury Instructions,* § 2:277; *Carey v. Piphus,* 435 U.S. 247, 254 (1978); *Wheatley v. Beetar,* 637 F.2d 863, 867 (2d Cir. 1980).

## PROPOSED INSTRUCTION NO. 27 Emotional Suffering As An Element of Compensatory Damages

As I just instructed, if you find for Mr. Brown, he is entitled to be compensated for his emotional and mental distress, as well as for his physical injuries and monetary losses. If you should find in favor of Mr. Brown, you will award him a sum which will compensate him reasonably for (i) any emotional pain, humiliation and mental anguish already suffered and which the wrongful conduct of defendants was a substantial factor in bringing about; and (ii) any emotional pain, humiliation and mental anguish which you find from the evidence in the case that plaintiff is reasonably likely to suffer in the future from the same cause. This is in addition to any compensation you will award plaintiff for physical injuries, physical pain and suffering, and monetary harm. Authority: New York Pattern Jury Instructions, § 2:284; Federal Jury Practice, § 165.70; Miner v. City of Glens Falls, 999 F.2d 655, 662 (2d Cir. 1993).

### PROPOSED INSTRUCTION NO. 28 Nominal Damages

If you return a verdict for the Plaintiff, but find that Plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the Plaintiff has been deprived by defendants of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation.

20

The mere fact that a constitutional deprivation occurred in an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.  Therefore, if you find that Plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

Carey v. Piphus, 435 U.S. 247 (1978); LeBlanc-Sternberg v. Fletcher, 67 F.3d 412 (2d Cir. 1995), cert. denied 116 S. Ct. 2546 (1996).

## PROPOSED INSTRUCTION NO. 29 Punitive Damages

If you should find that any of the defendant officers is liable for plaintiff's injuries, then you have the discretion to award punitive damages, in addition to compensatory damages. The purposes of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

You may award punitive damages if plaintiff proves that the conduct of any or all of the officers was wanton and reckless, not merely unreasonable. An act is wanton and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others.

The awarding of punitive damages is within your discretion - you are not required to award them. Punitive damages are appropriate for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount - it must not reflect bias, prejudice, or sympathy toward any party. But the amount can be as large as you believe necessary to fulfill the purpose of punitive damages.

Authority: *Modern Federal Jury Instructions,* Instruction 77-5; Police Misconduct, Jury Instruction § 12:36; Smith v. Wade, 461 U.S. 30 (1983). 166.50. Generally

## **CONCLUSION**

I have now outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts.  In a few minutes, you will retire to the jury room for your deliberations.  Your first order of business in the jury room will be to elect a foreperson.  The foreperson's responsibility is to ensure that deliberations proceed in an orderly manner.  This DOES NOT mean that the foreperson's vote is entitled to any greater weight than the vote of any other juror.  Your job as jurors is to reach a fair conclusion from the law and evidence.  When you are in the jury room, listen to each other, and discuss the evidence and issues.  It is the duty of each of you, as jurors, to consult with each other.  You must deliberate with a view to reaching an agreement, but only if you can do so without violating your individual judgment and conscience.  Remember in your deliberations that the dispute between the parties is for them no passing matter.  The parties and the court are relying on you to give full and conscientious consideration to the issues and the evidence before you.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you find yourself in doubt concerning my instructions, it is your privilege to return to the courtroom to have the testimony or instructions read to you.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  Your requests for exhibits or testimony -- in fact any communication with the Court --- should be made to me in writing, signed by your foreperson and given to one to the marshals.  I will then respond, either in writing or orally, by having you return to the courtroom. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.  I also caution you, however, that in your communications with the Court, you should never state your numerical division.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not however, surrender your honest convictions because of the opinion of a fellow juror or for the purpose of returning a verdict. Remember you are not partisans. Your duty is to seek the truth from the evidence presented to you.

Special verdict forms have been prepared for you.   You should review them after retiring to the jury room.  The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no," unless a question calls for a percentage or dollar amount as indicated. Your answers must reflect the conscientious judgment of each **juror**. You should answer every question as directed.

Once you have reached a unanimous verdict, your foreperson should fill in the verdict form, date and sign it, and inform the Marshall that a verdict has been reached. Once you have reached a unanimous verdict and the verdict form has been completed, please inform the Marshal that a verdict has been reached.  Your verdict on each claim for relief must be unanimous, and it must also represent the considered judgment of each juror.