UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CLAYTON LLOYD BROWN,

Plaintiff,

-vs-

C. TURRIGLIO,

Defendant.

Civil Action No. 9:17-CV-175 (BKS/DJS)

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY CHARGES AND DEFENDANT'S PROPOSED SPECIAL INTERROGATORIES CONCERNING QUALIFIED IMMUNITY

COSTELLO, COONEY & FEARON, PLLC
*Attorneys for the Plaintiff,*
*Clayton Lloyd Brown*
Office and Post Office Address
500 Plum Street, Suite 300
Syracuse, New York 13204-1401
Telephone:  (315) 422-1152

ERIN K. SKUCE,
MATTHEW W. O'NEIL,
Of Counsel

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT.................................................................................................................. 2

        POINT I        THE JURY SHOULD NOT BE INSTRUCTED ON
                              QUALIFIED IMMUNITY ........................................................... 2

        POINT II       DEFENDANT'S PROPOSED SPECIAL INTERROGATORIES
                              RELATING TO DEFENDANT'S INTENT AND MENTAL STATE
                              ARE IMPROPER ........................................................................ 3

        POINT III      THE SPECIAL INTERROGATORIES SHOULD BE FORMULATED
                              TO REFLECT DEFENDANT'S BURDEN OF PROOF ..................... 5

CONCLUSION          ........................................................................................ 7

# TABLE OF AUTHORITIES

**Page**

## CASES

Anderson v. Creighton,
    483 U.S. 635 (1987)..................................................................................3

Bonilla v. United States,
    357 F. App'x 334 (2d Cir. 2009) ..........................................................6

Gomez v. Toledo,
    446 U.S. 635 (1980)..................................................................................5

Outlaw v. City of Hartford,
    884 F.3d 351 (2d Cir. 2018) .................................................................3, 5

Rogoz v. City of Hartford,
    796 F.3d 236 (2d Cir. 2015) .................................................................4, 5

Stephenson v. Doe,
    332 F. 3d 68 (2d Cir. 2003) ..................................................................2, 6

Warren v. Dwyer,
    906 F.2d 70 (2d Cir. 1990) ...................................................................2, 3

Zellner v. Summerlin,
    494 F.3d 344 (2d Cir. 2007) .................................................................2

Ziglar v. Abassi,
    137 S. Ct. 1843 (2017)............................................................................3

## PRELIMINARY STATEMENT

Plaintiff respectfully submits the following objections to Defendant's Proposed Jury Charges (Docket No. 54) and Defendant's Proposed Special Interrogatories Concerning Qualified Immunity (Docket No. 56):

1.  Defendant's Proposed Jury Charges improperly contain jury instructions on qualified immunity. Neither Defendant's Proposed Jury Verdict Form nor Plaintiff's Proposed Verdict Sheet refer to the affirmative defense of qualified immunity, which is a question of law to be determined by the Court. Moreover, the instructions on qualified immunity will likely confuse the jury.

2.  Defendant's Proposed Special Interrogatories Nos. 3, 5, 6, 9, and 10 improperly ask the jury to determine a subjective fact about Defendant's intent and state of mind. Qualified Immunity is based on an objective test of reasonableness of the Defendant's actions. As such, the subjective facts contained in these Proposed Special Interrogatories are irrelevant, unhelpful to the Court, and likely to confuse the jury.

3.  Defendant's Proposed Special Interrogatories 1, 2, 3, 5, 6, 8, and 10 are likely to confuse the jury as they do not make sufficiently clear that, as facts relating to the affirmative defense of qualified immunity, the burden of proof lies with Defendant. As such, Plaintiff requests that to the extent that these Proposed Special Interrogatories be submitted to the jury at all, they be formulated as stated below.

For these reasons, and the reasons stated below, Plaintiff respectfully requests that the Court not charge the jury on qualified immunity; exclude Proposed Special Interrogatories Nos. 3, 5, 6, 9, and 10; and reformulate Proposed Special Interrogatories 1, 2, 3, 5, 6, 8, and 10 as stated herein.

1

# ARGUMENT

## POINT I

### THE JURY SHOULD NOT BE INSTRUCTED ON QUALIFIED IMMUNITY

Defendant's Proposed Jury Charges improperly include instructions on qualified immunity. Generally, qualified immunity is a question of law to be decided by the Court. Zellner v. Summerlin, 494 F.3d 344, 367 (2d Cir. 2007) ("The ultimate question of whether it was objectively reasonable for the officer to believe that his conduct did not violate a clearly established right, *i.e.,* whether officers of reasonable competence could disagree as to the lawfulness of such conduct, is to be decided by the court."); Stephenson v. Doe, 332 F.3d 68, 81 (2d Cir. 2003); Warren v. Dwyer, 906 F.2d 70, 76 (2d Cir. 1990). Provided that the Court, rather than the jury, will decide whether Defendant has met his burden for qualified immunity, then a jury instruction on qualified immunity serves no legitimate purpose. Indeed, the Second Circuit has observed that "there is a high likelihood of confusion when the jury is given an excessive force charge and instructed, 'in any event, you consider qualified immunity.'" Stephenson, 332 F.3d at 80.

Here, the unnecessary and prejudicial nature of the qualified immunity charge is demonstrated by Defendant's own pre-trial submissions. Defendant's Proposed Jury Verdict Form does not contain a question regarding qualified immunity, confirming that both parties intend for qualified immunity to be determined by the Court. Similarly, Defendant has submitted Proposed Special Interrogatories to allow the jury to make certain factual findings to assist the Court in determine the applicability of qualified immunity as a matter of law. See generally, Stephenson, 332 F.3d at 80-81 (regarding use of special interrogatories for qualified immunity). Critically, the proposed jury charge on qualified immunity would in no way assist the jury in answering the

proposed special interrogatories, which consist of discrete factual questions that the jury can answer without being instructed on the intricate legal machinations underlying qualified immunity.

In short, the proposed jury charge would give the jury the incorrect belief that they should decide whether Defendant has established the affirmative defense of qualified immunity, even though no proposed verdict sheet before the Court asks them to do so.

Accordingly, Plaintiff objects to this jury charge, and the issue of qualified immunity should not be discussed before the jury.

## POINT II

### DEFENDANT'S PROPOSED SPECIAL INTERROGATORIES RELATING TO DEFENDANT'S INTENT AND MENTAL STATE ARE IMPROPER

It is established law that qualified immunity involves an objective reasonability standard. Ziglar v. Abbasi, 137 S. Ct. 1843, 1850 (2017) ("If it would have been clear to a reasonable officer that the alleged conduct 'was unlawful in the situation he confronted,' . . . the defendant officer is not entitled to qualified immunity."); Anderson v. Creighton, 483 U.S. 635, 640 (1987); Warren v. Dwyer, 906 F.2d 70, 74 (2d Cir. 1990). As such, facts relating to Defendant's mental impressions or mental state at the time of the incident are irrelevant. Outlaw v. City of Hartford, 884 F.3d 351, 367 (2d Cir. 2018) ("The qualified immunity standard is an objective standard, asking not whether the defendant officer acted in good faith or what he himself knew or believed, but rather what would have been known to or believed by a reasonable officer in the defendant's position.").

Nonetheless, Defendant's Proposed Special Interrogatories Nos. 3, 5, and 6 each relate to Defendant's subjective intent. Moreover, these special interrogatories are not helpful to the court inasmuch as Defendant's intent is not relevant for qualified immunity. Where, as will be established in this case, an officer's amount of force exceeded that which was reasonably

necessary, then the officer is not entitled to qualified immunity even if the goal of the use of force was reasonable.  Rogoz v. City of Hartford, 796 F.3d 236, 247 (2d Cir. 2015).  As such, these special interrogatories may confuse the jury into believing that if Defendant's intent in the situation was reasonable (i.e. to restore order) then the use of force was justified notwithstanding the unreasonable amount of force applied.  As such, Proposed Special Interrogatories Nos. 3, 5, and 6 are greatly prejudicial to Plaintiff, and would not assist the Court on the issue of qualified immunity, so that they should be excluded.  Proposed Special Interrogatory No. 10 is equally subjective and irrelevant as it implies that Defendant's conduct was excusable if it conformed to *his* not the training of a *reasonable corrections officer*.  As such, Proposed Special Interrogatory No. 10 should also be excluded.

It also appears that Defendant has conflated the standard for excessive force under the Eighth Amendment and the standard for qualified immunity by asking the jury to make factual determinations on Defendant's state of mind such as whether Defendant acted "maliciously and sadistically."  (See e.g. Proposed Special Interrog. No. 9).  However, these findings only relate to whether Defendant is liable for excessive force, which the jury will answer on the Verdict Sheet. Separately asking the jury these irrelevant questions through the special interrogatories poses a serious risk of confusing the jury and for inconsistent verdicts.  Moreover, these subjective questions do not assist the Court in finding whether qualified immunity applies as a matter of law, as they do not relate to the objective standard for qualified immunity.

Accordingly, Plaintiff objects to Proposed Special Interrogatories Nos.  3, 5, 6, 9, and 10, and requests that they be excluded from the Special Interrogatories provided to the jury.

4

## POINT III

## THE SPECIAL INTERROGATORIES SHOULD BE FORMULATED TO REFLECT DEFENDANT'S BURDEN OF PROOF

It is beyond dispute that qualified immunity is an affirmative defense for which the burden of proof falls upon Defendant. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Outlaw v. City of Hartford, 884 F.3d 351, 367 (2d Cir. 2018); Rogoz v. City of Hartford, 796 F.3d 236, 247 (2d Cir. 2015). Inasmuch as the proposed special interrogatories relate to factual questions to assist the Court in determining whether qualified immunity applies, the burden of establishing these facts for the specific purpose of the special interrogatory is on Defendant. However, Defendant's Proposed Special Interrogatories, as currently drafted, pose a significant risk that the jury will incorrectly believe that Plaintiff has the burden to prove each interrogatory, in light of Plaintiff's burden on his affirmative claims. Accordingly, Plaintiff objects to Defendant's Proposed Special Interrogatories Nos. 1, 2, 3, 5, 6, 8, and 10[1] as currently drafted, and respectfully requests that they be formulated for the jury as follows:

1. Did Defendant establish that Plaintiff threw a chair at Defendant in the F2 day room on May 10, 2015?

2. Did Defendant establish that Plaintiff attempted to punch Defendant prior to being punched by Defendant in the F2 day room on May 10, 2015?

3. Did Defendant establish that he punched Plaintiff with a closed right fist in response to Plaintiff's prior actions on May 10, 2015?

5. Did Defendant establish that his use of force upon Plaintiff on May 10, 2015 was an effort to halt Plaintiff's aggressive and combative behavior?

---

[1] This objection is in addition to, and in no way limits, Plaintiff's objection to those special interrogatories that improperly relate to Defendant's subjective intent and state of mind.

5a. Did Defendant establish that his use of force upon Plaintiff on May 10, 2015 was an effort to maintain or restore order?[2]

6.  Did Defendant establish that he took Plaintiff to the floor face first in the F2 day room to restore and maintain order?

6a. Did Defendant establish that he took Plaintiff to the floor face first in the F2 day room to protect himself from Plaintiff?

8.  Did Defendant establish that Plaintiff resisted Defendant's attempts to restrain him on the floor of the F2 day room on May 10, 2015?

10. Did Defendant establish that his use of force conformed to that of a reasonable corrections officer?

It is further submitted that courts generally do not decide qualified immunity until the jury delivers a verdict finding that the officer is liable for excessive force.  See e.g. Bonilla v. United States, 357 F. App'x 334, 335 (2d Cir. 2009); Stephenson v. Doe, 332 F.3d 68, 81 (2d Cir. 2003). For this reason, the proper procedure would be to withhold the special interrogatories from the jury altogether during their initial deliberation, and then provide the special interrogatories after they deliver a verdict in favor of Plaintiff.  This approach would cure any possibility that the special interrogatories, as properly formulated to address Defendant's burden, would confuse the jury as to Plaintiff's burden on his affirmative claims.

---

[2] It is respectfully submitted that Defendant's "and/or" phrasing of Proposed Special Interrogatories Nos. 5 and 6 is likely to confuse the jury, as it is unclear whether Defendant must establish one or both of the subjective intents stated in each special interrogatory.  Moreover, if the jury responded "Yes" to Proposed Special Interrogatories Nos. 5 or 6 as phrased by Defendant, it would be impossible for the Court to determine which subjective intent Defendant established to the jury.  As such, if Proposed Special Interrogatories Nos. 5 and 6 are not excluded based on their improper reference to Defendant's subjective intent and state of mind, then Plaintiff requests that they be split as indicated.

Accordingly, Plaintiff objects to Defendant's wording of Proposed Special Interrogatories 1, 2, 3, 5, 6, 8, and 10, and requests that the jury be provided special interrogatories as reformulated above.

## CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court not charge the jury on qualified immunity; exclude Proposed Special Interrogatories Nos. 3, 5, 6, 9, and 10; and reformulate Proposed Special Interrogatories 1, 2, 3, 5, 6, 8, and 10 as stated herein.

DATED:       September 11, 2018

COSTELLO, COONEY & FEARON, PLLC

MATTHEW W. O'NEIL
*Attorneys for the Plaintiff,*
*Clayton Lloyd Brown*
**Office and Post Office Address**
**500 Plum Street, Suite 300**
**Syracuse, New York 13204-1401**
**Telephone:  (315) 422-1152**

ERIN K. SKUCE,
MATTHEW W. O'NEIL,
   Of Counsel

337487