**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**CLAYTON LLOYD BROWN,**

           **Plaintiff,**

v.                                                       **9:17-cv-175 (BKS/DJS)**

**C.O. TURRIGLIO,**

           **Defendant.**

---

**Appearances:**

*For Plaintiff*:
Erin K. Skuce
Costello, Cooney & Fearon, PLLC
5701 West Genesee Street
Camillus, New York 13031

Matthew W. O'Neil
Costello, Cooney & Fearon, PLLC
500 Plum Street, Suite 300
Syracuse, New York 13204

*For Defendant*:
Barbara D. Underwood
Attorney General for the State of New York
Helena O. Pederson, Assistant Attorney General, of Counsel
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, United States District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Clayton Brown brings this action under 42 U.S.C. § 1983 alleging that Defendant Christopher Turriglio, a Sergeant at Coxsackie Correctional Facility, subjected him to excessive force in violation of the Eighth Amendment. (Dkt. No. 1). Presently before the Court

are the parties' motions in limine. (Dkt. Nos. 45, 57, 63). Plaintiff seeks: (1) to preclude evidence of his arrests; (2) to bar evidence of his prison disciplinary history; (3) to preclude evidence of his felony and misdemeanor convictions; and (4) to preclude Defendant from introducing his mental health records at trial. (Dkt. Nos. 45, 63). In addition, Plaintiff objects to Defendant's proposed jury instruction on qualified immunity and proposed special interrogatories. (Dkt. No. 60). In his motion in limine, Defendant: (1) seeks to admit evidence of Plaintiff's felony criminal convictions; (2) reserves the right to seek to use Plaintiff's disciplinary history as impeachment evidence; and (3) objects to Plaintiff's designation of Denise Brown as a witness. (Dkt. Nos. 57, 61). On September 21, 2018, the Court held a pretrial conference to address the parties' motions in limine. For the reasons that follow, the parties' motions are granted in part and denied in part.

## II. DISCUSSION

### A. Arrests

Plaintiff seeks to preclude all evidence of arrests. (Dkt. No. 45-2, at 7). Defendant responds that he "does not intend to seek admission of evidence of Plaintiff's arrests." (Dkt. No. 61, at 3 n.1). Accordingly, Plaintiff's motion is denied as moot.

### B. Disciplinary History

Plaintiff seeks to preclude Defendant from introducing evidence at trial of his disciplinary history. (Dkt. No. 45-2, at 7). Plaintiff indicates that "there have been 18 occasions when the DOC disciplined" him "for violating an institutional rule." (*Id.*). Defendant responds that he would utilize evidence of Plaintiff's disciplinary history solely for impeachment purposes "in the event [Plaintiff's] testimony creates a misleading impression of his prior conduct." (Dkt. No. 61, at 5).

Federal Rule of Evidence 608(b) provides that "the court may, on cross-examination, allow [specific instances of a witness' conduct] to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness." Fed. R. Evid. 608(b)(1). However, even if the disciplinary records reflected conduct probative of Plaintiff's character for truthfulness or untruthfulness, the disciplinary records themselves would not be admissible. *See* Fed. R. Evid. 608(b) ("[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."); *see also Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) ("Rule 608(b) of the Federal Rules of Evidence prohibits the introduction of extrinsic evidence of specific instances of conduct for the purpose of attacking one's credibility. Fed. R. Evid. 608(b). This rule does not prohibit inquiry into Plaintiff's conduct for impeachment, but does prohibit the introduction into evidence of his disciplinary records.").

Defendant, as stated, only intends to use Plaintiff's disciplinary record for purposes of impeachment in the event that Plaintiff's testimony "creates a misleading impression of his prior conduct." Therefore, the Court grants Plaintiff's request to exclude the extrinsic evidence of his disciplinary record, and reserves for trial, ruling on any remaining request regarding impeachment with Plaintiff's disciplinary history.

### C. Criminal Convictions

#### 1. 2014 Felony Convictions

Plaintiff moves to preclude evidence of his 2014 felony convictions on the ground that "the severely prejudicial effect of these convictions far outweighs any probative value for impeachment purposes." (Dkt. No. 45-2, at 10). Plaintiff was convicted of attempted robbery, in the first degree and criminal possession of a weapon in the third degree and was sentenced to a

3

term of imprisonment of six years and ten months to eight years and remains imprisoned for these convictions. *See* http://nysdoccslookup.doccs.ny.gov. Defendant opposes this motion. (Dkt. No. 61, at 3).

The applicable provision of Rule 609 provides that, "subject to Rule 403," evidence of a prior conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A). As these convictions were felonies, they are admissible under Rule 609(a)(1)(A). Thus, the Court must balance the probative value of introducing evidence of Plaintiff's convictions against its prejudicial effect. Because Plaintiff plans to offer his account of the May 10, 2015 use-of-force incident, the jury will be required to assess his credibility against that of Defendant, who is expected to testify to a different version of the incident. Plaintiff's character for veracity is therefore relevant, and the existence of prior felony convictions are probative on that point. The Court finds that the probative value of Plaintiff's felony convictions is not substantially outweighed by unfair prejudice or the other evils Rule 403 seeks to avoid. Consequently, the fact of Plaintiff's felony convictions is admissible for impeachment.

Plaintiff requests that in the event the Court finds his felony convictions admissible, that such evidence be limited to the "fact and date of conviction" and that the Court bar "evidence of the nature of the convictions or the title of the crime." (Dkt. No. 45-2, at 12–13). Defendant responds that the nature of the crimes for which Plaintiff was convicted and the length of the sentences imposed are probative of Plaintiff's veracity and should be introduced at trial. (Dkt. No. 61, at 4).

Under Rule 609(a)(1), "inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed is presumptively required . . . subject to balancing under Rule 403." *United States v. Estrada*, 430 F.3d 606, 616 (2d Cir. 2005). It is, however, "within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense." *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009); *see Twitty v. Ashcroft*, No. 304CV410, 2010 WL 1677757, at *3, 2010 U.S. Dist. LEXIS 40499, at *9–11 (D. Conn. Apr. 23, 2010) (collecting cases)); *see also* 4 Jack B. Weinstein et al., Weinstein's Federal Evidence § 609.20[2], at 609-61 to -62 (2d ed. 2018) ("It is usually considered prejudicial to elicit the specific details of a crime that does not bear directly on the truth-telling trait.").

Plaintiff's convictions, attempted robbery and possession of a weapon, as crimes of force are similar to the conduct at issue here, excessive force. There is, therefore, the potential for unfair prejudice. *See Stephen v. Hanley*, No. 03CV6226, 2009 WL 1471180, at *5, 2009 U.S. Dist. LEXIS 43334, at *13 (E.D.N.Y. May 21, 2009) ("The less similar the pending case to the prior conviction, the less prejudicial its admission is."); *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. Dec. 17, 1997) (explaining that the plaintiff's drug conspiracy conviction bore "no resemblance to the excessive force" and therefore "weigh[ed] in favor of introducing the [conviction]"). Indeed, because Defendant contends that Plaintiff was the initial aggressor, there is a risk that the jury might consider his convictions, crimes of force, to be evidence of a propensity toward aggressive behavior rather than evidence relevant to evaluating his credibility as a witness. On the other hand, the date of Plaintiff's convictions, 2014, may be relevant to the jury's assessment of how much weight to accord this impeachment evidence, and the Court does

not find any danger of unfair prejudice to Plaintiff from that evidence that outweighs its probative value. Similarly, the Court, however, can identify no unfair prejudice that might outweigh the probative value of the term of imprisonment which may assist the jury in considering the impact of the felony convictions on his credibility. *See, e.g.*, *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) ("[W]hile the fact that Mr. Lewis is a convicted felon serving a sentence of eleven years to life may be elicited, the charge on which he was convicted may not."). Thus, the Court concludes that evidence of the fact of Plaintiff's incarceration on the basis of two felony convictions in 2014, and the term of imprisonment are admissible, but that the names, and nature of the convictions are not admissible. *See Somerville v. Saunders*, No. 9:11-CV-556, 2014 WL 272415, at *8, 2014 U.S. Dist. LEXIS 8788, at *28 (N.D.N.Y. Jan. 24, 2014) (finding in § 1983 excessive force action that evidence as to the fact that Plaintiff is currently incarcerated on the basis of felony convictions—murder, conspiracy, criminal facilitation, robbery, weapons, and possession of weapon—was admissible but that the names, nature, dates, and sentences of the convictions were not, explaining that the "danger in this case . . . is that the nature of Plaintiff's convictions might unfairly bias the jury against him" and that the "jury [was] likely to draw the inference from the nature of Plaintiff's convictions that he has the propensity to engage in violent behavior"); *Dougherty v. Cty. of Suffolk*, No. CV 13-6493 (AKT), 2018 WL 1902336, at *4, 2018 U.S. Dist. LEXIS 67465, at *13 (E.D.N.Y. Apr. 20, 2018) (precluding admission of robbery convictions in deliberate indifference trial, explaining that "the robberies at issue are crimes of violence with little if any bearing on credibility"); *Daniels v. Loizzo*, 986 F. Supp. 245, 251 (S.D.N.Y. 1997) ("The felony assault convictions are also inadmissible under

6

Rule 609(a)(1) because they closely resemble the conduct alleged in this excessive force lawsuit.").

2. **Misdemeanor Convictions**

Plaintiff seeks to preclude Defendant from offering evidence of his misdemeanor convictions. (Dkt. No. 45-2, at 13). Defendant, however, does not intend to admit such evidence. (Dkt. No. 61, at 3). Accordingly, Plaintiff's request is denied as moot.

D. **Witness Denise Brown**

Defendant objects to Plaintiff's designation of Denise Brown as a witness on the ground that Plaintiff failed to provide a summary of her testimony. (Dkt. No. 61, at 5). At the pretrial conference the parties reached an agreement as to Ms. Brown's testimony. Accordingly, Defendant's objection is moot.

E. **Plaintiff's Psychological History**

Plaintiff moves to preclude Defendant from introducing his medical health records into evidence. (Dkt. No. 63). Defendant has identified "Plaintiff's records from the NYS Office of Mental Health" as an exhibit he intends to introduce at trial. (Dkt. No. 62, at 2). According to Plaintiff, this record is 352 pages and "covers a span of approximately five years (2014 through 2018)." (Dkt. No. 63-2, at 8). Plaintiff argues that this evidence is privileged, irrelevant, and highly prejudicial. (*Id.*). At the pretrial conference the parties indicated that they would work to reach an agreement concerning these records. Accordingly, Plaintiff's motion is denied without prejudice to renewal at trial.

### F. Jury Instruction on Qualified Immunity and Special Interrogatories

Plaintiff objects to Defendant's proposed jury charge on qualified immunity and proposed special interrogatories. (Dkt. No. 60). Plaintiff argues that because qualified immunity is, in general, a question of law to be decided by the court, "a jury instruction on qualified immunity serves no legitimate purpose." (*Id.* at 5). The Court agrees. "Once the jury has resolved any disputed facts that are material to the qualified immunity issue, the ultimate determination of whether the officer's conduct was objectively reasonable is to be made by the court." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007). Thus, Defendant's proposed charge regarding the circumstances under which he may be entitled to qualified immunity and instruction to the jury that it "must return a verdict for Defendant," if Defendant "establishes . . . that a reasonable official in Defendant's situation could have believed his conduct to be lawful," (Dkt. No. 54, at 9), would be improper because it would require the jury to make "the ultimate determination." *Zellner*, 494 F.3d at 368.

Plaintiff further argues that the "Proposed Special Interrogatories, as currently drafted, pose a significant risk that the jury will incorrectly believe that Plaintiff has the burden to prove each interrogatory." (Dkt. No. 60, at 8). "Qualified immunity is an affirmative defense on which the defendant has the burden of proof." *Outlaw v. City of Hartford*, 884 F.3d 351, 367 (2d Cir. 2018). Any instructions the Court issues with the special interrogatories will therefore include the burden of proof. *See id.* at 368 (discussing procedure for issuing special interrogatories to a jury and explaining that "[w]hen such interrogatories are used, of course, the court will need to give the jury proper "instructions and explanations," Fed. R. Civ. P. 49(a)(2), 49(b)(1), to enable

8

the jury to make its findings in accordance with, inter alia, the proper allocation of the burden of proof.").

Plaintiff also raises objections to many of the interrogatories Defendant has proposed. (Dkt. No. 60, at 8–9). The Court, however, reserves ruling on these objections to proposed jury charges or proposed special interrogatories until the jury instruction conference following the evidence presented at trial.

## III. CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's first motion in limine (Dkt. No. 45) is **granted in part and denied in part**; and it is further

**ORDERED** that Defendant's motion in limine (Dkt. No. 57) is **granted in part and denied in part**; and it is further

**ORDERED** that Plaintiff's second motion in limine (Dkt. No. 63) is **denied without prejudice to renewal at trial**.

Dated: September 24, 2018

Brenda K. Sannes
U.S. District Judge